**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 22, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

NORBERT A. SCHUELLER,

        Plaintiff-Appellant,

v.

WELLS FARGO & CO., d/b/a Wells
Fargo Bank N.A., d/b/a Wells Fargo
Home Mortgage,

        Defendant-Appellee,

EXPERIAN INFORMATION
SOLUTIONS, INCORPORATED;
TRANS UNION, LLC,

        Defendants.

No. 13-2057
(D.C. No. 1:11-CV-00955-MCA-LFG)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **MATHESON**, **McKAY**, and **ANDERSON**, Circuit Judges.

Pro se appellant Norbert A. Schueller appeals the district court's dismissal of

his claims against Wells Fargo & Co. pursuant to Fed. R. Civ. P. 12(b)(6).  He

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

asserted that Wells Fargo violated the Fair Credit Reporting Act (FCRA) by informing the three major credit reporting agencies (CRAs) that his home mortgage loan had been discharged in bankruptcy, but not stating that he had continued to make the monthly payments on the loan.[1] He also brought state-law claims for defamation and conversion. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

## I.   BACKGROUND

Wells Fargo was the holder of a promissory note and mortgage on Mr. Schueller's home. Mr. Schueller filed for Chapter 7 bankruptcy, listing the home loan debt on the bankruptcy schedules. On December 5, 2011, the bankruptcy court granted plaintiff a discharge under 11 U.S.C. § 727, which included the home loan debt. Nevertheless, Mr. Schueller continued to pay the monthly mortgage payments via automatic withdrawals from his bank account to avoid foreclosure on his home. When he discovered that Wells Fargo had reported to the CRAs that his home mortgage loan was closed and discharged in Chapter 7 bankruptcy, he requested correction from the CRAs and Wells Fargo. Mr. Schueller claimed that the fact that he had made the monthly mortgage payments since July of 2010 must be reflected on his credit reports. Wells Fargo responded that the information it had provided to the CRAs was correct. Mr. Schueller filed suit, alleging that Wells Fargo had willfully violated the FCRA, 15 U.S.C. § 1681s-2(b), which requires furnishers of information

---

[1]     Mr. Schueller voluntarily dismissed his claims against the three major credit reporting agencies, Experian, Equifax, and Trans Union.

to investigate disputed credit information and correct any incomplete or inaccurate information that was provided to the CRAs. In addition, he brought a state-law defamation claim based on the alleged false reporting, and a state-law conversion claim asserting that if, as Wells Fargo reported, the balance due on the mortgage loan was zero, then the automatic monthly withdrawals were unlawful.

The district court first ruled that the documents Wells Fargo attached to its motion to dismiss—promissory note, mortgage, and documents filed in Mr. Schueller's bankruptcy proceedings—were properly before the court because they were referenced in Mr. Schueller's complaint or were subject to judicial notice. The court then explained that "'a bankruptcy discharge extinguishes only one mode of enforcing a claim—namely an action against the debtor *in personam*—while leaving intact another—namely, an action against the debtor *in rem*.'" R. Vol. 3 at 75 (quoting *Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991)). The court further noted that the bankruptcy code permits a debtor to voluntarily pay any debt that has been discharged. *See* 11 U.S.C. § 524(f).

Although Mr. Schueller had filed in the bankruptcy proceedings a document titled "Chapter 7 Individual Debtor's Statement of Intention," R. Vol. 1 at 338, the district court held that it was insufficient under the bankruptcy code and the state bankruptcy rules to reaffirm the home mortgage loan. Therefore, the district court held that "Wells Fargo accurately and truthfully reported that [Mr. Schueller's] personal liability on his home mortgage loan had been discharged in the Chapter 7

bankruptcy proceeding." *Id.* Vol. 3 at 79. Accordingly, the court dismissed the FCRA claim with prejudice.

Having determined that Wells Fargo had truthfully reported Mr. Schueller's information, the district court held that the defamation claim failed as a matter of law and dismissed it with prejudice. On the conversion claim, the court held that the bankruptcy discharge prohibited Wells Fargo from attempting to collect the home mortgage loan from Mr. Schueller personally, but did not prohibit it from accepting voluntary payments. Based on the documents attached to Mr. Schueller's complaint, the court ruled that the monthly automatic withdrawals were voluntary. The court dismissed the conversion claim, but without prejudice because Mr. Schueller may have been able to amend his complaint to allege additional facts indicating that his monthly mortgage payments were not voluntary. He did not seek to amend his complaint.

Wells Fargo then filed a motion for attorney fees and costs. The district court reduced the hourly rates requested by Wells Fargo's attorneys, as well as some of the time expended, and granted Wells Fargo an award of $10,647.54 for attorney fees plus costs of $59.34.

Mr. Schueller appeals, arguing that Wells Fargo did not accurately report his bankruptcy discharge to the CRAs because it did not distinguish between the actual home loan debt and his personal liability for the debt. He also contends that the district court applied the wrong legal standards and erroneously considered Wells Fargo's exhibits. In addition, he challenges the honesty of Wells Fargo's attorneys

and the award of attorney fees to Wells Fargo. Lastly, he alleges that the magistrate judge and district judge were biased against him.

## II. DISCUSSION

### A. Legal Standards

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[M]ere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not suffice; a plaintiff must offer specific factual allegations to support each claim." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (internal quotation marks omitted). When evaluating whether a complaint plausibly states a claim, we "disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Id.*

We liberally construe Mr. Schueller's pro se filings. *See Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003). We do not, however, "take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

**B. District Court's Application of Standard of Review and Consideration of Wells Fargo's Exhibits**

Mr. Schueller first contends that the district court applied an incorrect standard of review and failed to accept as true the allegations of his complaint and to draw all reasonable inferences in his favor. "[B]ecause our review is de novo, we need not concern ourselves with any such alleged misstatements or errors by the district court." *TMJ Implants, Inc. v. Aetna, Inc.*, 498 F.3d 1175, 1181 (10th Cir. 2007) (disregarding party's contention that "the district court resolved several issues of fact against it and ignored issues of disputed material fact").

Mr. Schueller also claims that the district court improperly considered the exhibits Wells Fargo attached to its motion to dismiss, while ignoring those attached to his complaint. Mr. Schueller does not challenge the district court's determination that the Wells Fargo documents were properly before the court. Rather, he asserts that his own exhibits proved his claims, although he does not attempt to explain how his exhibits trumped, or even conflicted with, the exhibits filed by Wells Fargo. Therefore, we proceed to the merits.

**C. FCRA Claim**

Mr. Schueller asserts that Wells Fargo violated § 1681s-2(b) of the FCRA. Under this section, a furnisher of information who has received notice of a dispute from a CRA is required to:

> (1) investigate the disputed information; (2) review all relevant information provided by the CRA; (3) report the results of the investigation to the CRA; (4) report the results of the investigation to all other CRAs if the investigation reveals that the information is

incomplete or inaccurate; and (5) modify, delete, or permanently block the reporting of the disputed information if it is determined to be inaccurate, incomplete, or unverifiable.

*Llewellyn v. Allstate Home Loans, Inc.*, 711 F.3d 1173, 1178 (10th Cir. 2013) (internal quotation marks omitted).  The FCRA requires furnishers of information not only to "correct incomplete or inaccurate information," but to correct "information provided in such a manner as to create a materially misleading impression."  *Id.* at 1186 (internal quotation marks omitted).  Mr. Schueller bears the burden of showing that the information Wells Fargo furnished was inaccurate or incomplete. *See Chiang v. Verizon New England Inc.*, 595 F.3d 26, 37-38 (1st Cir. 2010); *cf. Owner-Operator Indep. Drivers Ass'n v. USIS Commercial Servs., Inc.*, 537 F.3d 1184, 1192 (10th Cir. 2008) (stating plaintiff has burden of proving claim that CRA willfully violated FCRA).

As noted above, the Supreme Court has explained that "a bankruptcy discharge extinguishes only one mode of enforcing a claim—namely, an action against the debtor *in personam*—while leaving intact another—namely, an action against the debtor *in rem*."  *Johnson*, 501 U.S. at 84.  Mr. Schueller does not dispute the district court's observation that the bankruptcy discharge extinguished his personal obligation for the home mortgage loan, but not the mortgage lien against the property.  Rather, he asserts that Wells Fargo violated the FCRA by reporting that (1) the debt, rather than his personal liability for the debt, was discharged in bankruptcy; (2) his account with Wells Fargo was closed; (3) the account had a zero balance; and (4) there had been no payments on the account after November 1, 2010,

- 7 -

despite the fact that he had continued to make the monthly payments on the home mortgage account after that date.[2]

The information Wells Fargo furnished to the CRAs was that Mr. Schueller was no longer liable for the home loan debt. Mr. Schueller does not claim this was incorrect. Rather, he says the credit report should not have reflected that his account was closed and had a zero balance due, and should have included the fact that he made payments after November 1. Wells Fargo responds that it would have been inaccurate and misleading to report that Mr. Schueller's loan balance remained outstanding; thus, it reported that the account was closed and had a zero balance due. In addition, Mr. Schueller's credit reports reflected that the debt was discharged in bankruptcy, *see, e.g.*, R. Vol. 1 at 83, thus alerting any potential creditors that only Mr. Schueller's personal liability had been discharged.[3] *Cf. Helmes v. Wachovia Bank, N.A.* (*In re Helmes*), 336 B.R. 105, 107 (Bankr. E.D. Va. 2005) ("[A] discharged debt represents a historical fact, that the prospective borrower filed bankruptcy in the past and was relieved from the obligation."). Mr. Schueller has cited no authority requiring Wells Fargo to report his post-bankruptcy mortgage payments. Under these circumstances, we conclude that Mr. Schueller has not

---

[2] Mr. Schueller has abandoned on appeal the argument that he reaffirmed the home loan debt in the bankruptcy proceedings, pursuant to 11 U.S.C. § 524(c)-(d). *See* Aplt. Reply Br. at 14-15.

[3] The district court did not rely on the notation on the credit reports that the home mortgage debt had been discharged in bankruptcy, but "[t]his court . . . may affirm for any reason supported by the record, [even if] not relied on by the district court." *Brady v. UBS Fin. Servs., Inc.*, 538 F.3d 1319, 1327 (10th Cir. 2008).

carried his burden of showing that the information Wells Fargo furnished was inaccurate or incomplete, nor has he shown that the information about his home loan debt and bankruptcy was materially misleading.

## D. Defamation and Conversion Claims

Our conclusion that Wells Fargo did not furnish inaccurate or incomplete information to the CRAs is fatal to Mr. Schueller's state-law defamation claim. *See Jaramillo v. Gonzales*, 50 P.3d 554, 562 (N.M. Ct. App. 2002) ("[T]ruth is a complete defense to a defamation claim.").

We turn to Mr. Schueller's state-law conversion claim. "Conversion is the unlawful exercise of dominion and control over property belonging to another in defiance of the owner's rights, or acts constituting an unauthorized and injurious use of another's property, or a wrongful detention after demand has been made." *Alcantar v. Sanchez*, 257 P.3d 966, 971 (N.M. Ct. App. 2011) (internal quotation marks omitted). Although Wells Fargo was prohibited by the bankruptcy discharge from attempting to collect the home loan debt from Mr. Schueller personally, it was not prohibited from accepting voluntary payments to avoid foreclosure. Thus, we affirm the district court's dismissal of the defamation and conversion claims.

## E. Allegations Against Wells Fargo's Counsel and Attorney Fee Award

Mr. Schueller contends that Wells Fargo's attorneys violated Fed. R. Civ. P. 11 by filing the motion to dismiss. As grounds for this claim, he reasserts his arguments that the information provided to the CRAs by Wells Fargo was untrue. Therefore, according to Mr. Schueller, Wells Fargo's attorneys violated

Rule 11(b)'s proscription against filing a document not supported by law or facts. The district court denied Mr. Schueller's motion for sanctions, finding that it was based merely on his disagreement with Wells Fargo's legal position. Reviewing this decision for an abuse of discretion, *see Brown v. Eppler*, 725 F.3d 1221, 1228 n.3 (10th Cir. 2013) ("This court reviews the district court's refusal to impose Rule 11 sanctions for abuse of discretion."), we find no Rule 11 violation, particularly given our holding above that Wells Fargo did not violate the FCRA.

Mr. Schueller further challenges the award of attorney fees to Wells Fargo. "Generally speaking, we review de novo the legal analysis providing the basis for the award of attorney fees, and review for abuse of discretion the amount of a fee or cost award." *Valdez v. Squier*, 676 F.3d 935, 948 (10th Cir. 2012) (internal quotation marks and ellipsis omitted).

The district court awarded $10,647.54 in attorney fees to Wells Fargo pursuant to 15 U.S.C. § 1681n(c)[4] and the court's inherent power to sanction bad-faith litigation conduct. The court carefully reviewed Wells Fargo's attorney-fee request, applying lower hourly rates than those claimed, and assessing reasonable times spent on various legal services provided.

---

[4]     15 U.S.C. § 1681n(c) provides:  "Upon a finding by the court that an unsuccessful pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith or for purposes of harassment, the court shall award to the prevailing party attorney's fees reasonable in relation to the work expended in responding to the pleading, motion, or other paper."

Mr. Schueller asserts that Wells Fargo's attorneys are not entitled to fees because they "engaged in unethical fee escalation and a padding of hours/expenses." Aplt. Opening Br. at 18. But he does not challenge the district court's assessment of hourly rates or time expended, nor does he challenge the district court's finding that he engaged in bad-faith litigation conduct. Therefore, we find no abuse of discretion and affirm the award of attorney fees and costs to Wells Fargo.

**F. Judicial Bias Claims**

Mr. Schueller moved to recuse the magistrate judge assigned to the case alleging that at a scheduling conference, the magistrate judge gave him a condescending greeting and reluctant handshake, asked him not to put his briefcase on the table, suggested he dismiss his defamation claim because he had no actual damages, asked if he had reaffirmed the home mortgage loan in the bankruptcy case, and adopted a stern demeanor. The magistrate judge denied the motion, explaining that Mr. Schueller's subjective perceptions did not demonstrate judicial bias and his claims were not based on any extrajudicial source to support a bias or partiality challenge. We generally review the denial of a recusal motion for abuse of discretion. *ClearOne Comm'cns, Inc. v. Bowers*, 651 F.3d 1200, 1217 (10th Cir. 2011). For the reasons stated in the magistrate judge's order denying recusal, we determine that recusal was not warranted and we find no abuse of discretion in the denial of the motion to recuse.

To the extent Mr. Schueller now claims that the district judge was biased against him, he did not raise this issue to the district court, so we do not address it.

- 11 -

*See Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1239 (10th Cir. 2000) (holding

plaintiffs "waive[d] their bias argument on appeal because they failed to timely move

for disqualification").

## III. CONCLUSION

Wells Fargo's motion for sanctions on appeal is denied. The judgment of the

district court is affirmed.

Entered for the Court


Monroe G. McKay
Circuit Judge